UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HEATHER V.,[1]

                                              Plaintiff,        Case # 20-CV-01870-FPG

v.                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                             Defendant.
_____

## INTRODUCTION

On September 28, 2017, Heather V., ("Plaintiff") protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). Tr.[2] 205. The Social Security Administration (the "SSA") denied her claim and Plaintiff appeared at a hearing before Administrative Law Judge Mary Mattimore (the "ALJ") on October 31, 2019. *Id*. At the hearing, Plaintiff appeared and testified. *Id*. On December 26, 2019, the ALJ issued an unfavorable decision. Tr. 202. On October 26, 2020, the Appeals Council denied review, making the ALJ's decision the final decision of the SSA. Tr. 6. On December 18, 2020, Plaintiff appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 9. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further administrative proceedings consistent with this opinion.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 6, 7.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

**I.   District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

**II.   Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 28, 2017, the alleged onset date. Tr. 207. At step two, the ALJ found that Plaintiff has the following severe impairments: asthma/chronic obstructive pulmonary disease ('COPD'), Post Traumatic Stress Disorder ('PTSD'), anxiety disorder, depressive disorder, arthritis and degenerative joint disease of the cervical spine with cervical radiculopathy and stenosis, adhesive capsulitis left shoulder-status post rotator cuff surgery and brachial plexopathy, gastroparesis, peripheral polyneuropathy, chronic migraine, acromioclavicular joint arthritis, and nontraumatic rhabdomyolysis. Tr. 208; *see also* 20 CFR 416.920(c). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 208.

Next, the ALJ determined that Plaintiff maintained the RFC to perform sedentary work as defined in 20 C.F.R. § 16.967(a), with specific limitations. The ALJ found that Plaintiff had exertional limitations, including that Plaintiff could "lift and/or carry 5 pounds maximum with left, non-dominant upper extremity; occasionally reach overhead with left non-dominant upper extremity and occasionally reach in all other directions with left non-dominant upper extremity (e.g., front, sides); frequently finger, handle, and/or feel with the left non-dominant hand." Tr. 211. Plaintiff should have "no concentrated exposure to fumes, odors, dust, gases, and/or other pulmonary irritants; no exposure to sharp objects, unprotected heights, and/or hazardous machines[,]" but could "frequently operate foot controls with either foot; occasionally balance, stoop, kneel, crouch, crawl, and/or climb ramps and/or stairs; never climb ladders, ropes, and/or

scaffolds; perform low stress jobs defined as simple, routine work, make simple workplace decisions, and never work at a production rate pace (e.g., assembly line pace); tolerate minimal changes in workplace processes and/or settings[;] frequent, but not constant, interaction with supervisors, coworkers, and/or the public[; and] access to nearby restroom for breaks that would not exceed more than 5% of the workday." Tr. 211. Plaintiff also required the "use of a cane for ambulation and balance." Tr. 211.

At steps four and five, the ALJ concluded that there were jobs that existed in the national economy that Plaintiff could perform, such as "telephone survey work," "semi-conductor bonder," and "surveillance systems monitor." Tr. 218. As such, the ALJ found that Plaintiff was not disabled from her alleged onset date, September 28, 2017, through the date of the ALJ's decision, December 26, 2019.

**II.   Analysis**

Plaintiff argues that remand is required because (i) the Appeals Council improperly rejected two opinions from Plaintiff's treating physician that were submitted for the Appeals Council's consideration after the ALJ's decision; (ii) the Appeals Council improperly rejected Plaintiff's February 2020 psychological evaluation in its denial of review; (iii) the ALJ erred by relying upon "stale" opinion evidence in its determination of Plaintiff's RFC; and (iv) the ALJ improperly assigned a "bathroom break" limitation to Plaintiff that was unsupported by the record. ECF No. 8-1 at 19-24. The Commissioner responds that (i) Plaintiff's additional evidence submitted to the Appeals Council after the ALJ's decision was properly rejected because it provided no basis to change the ALJ's decision; (ii) the ALJ properly evaluated and relied upon the medical opinion evidence of record; and (iii) the ALJ's "bathroom break" limitation was supported by substantial evidence. *See* ECF No. 9-1. For the reasons below, the Court agrees that

remand is required under Plaintiff's first argument. Because the Court agrees with Plaintiff's first argument, the Court does not address Plaintiff's remaining arguments.

As a general matter, claimants are permitted to submit additional evidence to the Appeals Council so long as the evidence is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision."[4] 20 C.F.R. § 416.1470(a)(5). "Evidence is new if it is not cumulative of what is already in the record", and "[i]t is material if it is relevant to the claimant's condition during the time period for which benefits were denied and probative, meaning there is a reasonable probability that it would have influenced the Commissioner to decide the claimant's application differently." *Pennetta v. Commissioner of Social Security*, No. 18-CV-6093, 2019 WL 156263, *3 (W.D.N.Y. Jan. 10, 2019). "If the Appeals Council incorrectly finds that new evidence does not relate to the period at issue and erroneously declines to consider it, the proper course is to remand the case to the Commissioner for reconsideration in light of the new evidence." *Norma P. v. Comm'r of Soc. Sec.*, No. 19-CV-774, 2021 WL 630904, at *3 (W.D.N.Y. Feb. 18, 2021) (internal quotation marks omitted).

Evidence that pertains to a time after the period at issue in the ALJ's decision need not be considered if it does not purport to be retroactive. *See Guerra v. Saul*, 778 F. App'x 75, 77-78 (2d Cir. 2019) (summary order) ("Guerra submitted to the Appeals Council an assessment done by an occupational therapist and other physician treatment notes from after the relevant time period. None of the new material purported to be retroactive. We agree with the Commission that it did

---

[4] Effective January 17, 2017, after plaintiff's appeal, amendments to 20 C.F.R. § 416.1470 added a "good cause" requirement for claimants seeking to submit additional records to the Appeals Council. *See* 20 C.F.R. § 416.1470(b); *see also Redic v. Comm'r of Soc. Sec.*, No. 18-CV-6225-FPG, 2019 WL 1512556, *3 (W.D.N.Y. April 8, 2019) ("The Appeals Council must consider additional evidence that a claimant submits if the claimant can show good cause for not submitting it to the ALJ, it is new, material, and relates to the period on or before the ALJ's decision, and there is a reasonable probability that it would change the outcome of the decision.").

not relate to the relevant period, so it was not material to the ALJ decision."); *see also Baladi v. Barnhart*, 33 F. App'x 562, 564 (2d Cir. 2002) (summary order) ("Although the new evidence submitted to the Appeals Council forms part of the administrative record under review, it does so only to the extent that it relates to the time frame encompassed in the ALJ's decision.").

Here, Plaintiff argues that the Appeals Council erred when it declined to review two medical opinions from treating physician Dr. Zimmermann, dated August 31, 2020 and September 2, 2020, respectively. The Appeals Council declined to consider the opinions because the opinions were issued after the the ALJ's December 26, 2019 decision, and thus did not "relate to the period at issue." Tr. 7. Plaintiff argues that Dr. Zimmermann's opinions purported to be "retroactive" such that they related to the relevant period. The Appeals Council's denial of review of the additional evidence on the basis articulated was therefore erroneous. The Court agrees with Plaintiff.

Contrary to the Appeals Council's explanation in its denial of review, the additional evidence Plaintiff submitted was related to the relevant period because it "purport[ed] to be retroactive." *Guerra*, 778 App'x at 77-78. With respect to Dr. Zimmermann's August 2020 opinion, while the opinion was produced well after the ALJ's December 2019 decision, the opinion states in explicit terms that the "earliest date that [Plaintiff] displayed [the] symptoms and limitations" described in the opinion was "over one year ago." Tr. 106. If Plaintiff displayed the symptoms and limitations Dr. Zimmermann included in his opinion over one year before the opinion was produced, the symptoms alleged would have existed since at least August 2019, approximately three months before the ALJ's decision and within the relevant period. *Id*. This evidence, therefore, should have been considered by the Appeals Council because it "relates to the

period on or before the date of the [ALJ's] hearing decision." *Miller v. Colvin*, No. 13-CV-6462P, 2015 WL 1431699, at *13 (W.D.N.Y. Mar. 27, 2015).

Similarly, with respect to Dr. Zimmermann's September 2020 opinion, while this opinion was also produced well after the ALJ's decision, the opinion again "purport[ed] to be retroactive." *Guerra*, 778 App'x at 77-78. Dr. Zimmermann's opinion states that the "earliest date of the existence of the limitations described" in the opinion was July 10, 2019, approximately four months before the ALJ's decision and within the relevant period. ECF No. 8-4 at 7. Because the opinion relates "to the period on or before the date of the [ALJ's] hearing decision," the Appeals Council erred when it declined to consider it on the basis articulated. *Miller*, 2015 WL 1431699, at *13. This opinion, as well as the August 2020 opinion, "refer clearly to the relevant period of disability." *Vitale v. Apfel*, 49 F. Supp. 2d 137, 142 (E.D.N.Y. 1999).

Still, even when the Appeals Council errs in failing to consider newly submitted evidence, remand is not required where the new evidence would not have resulted in a different outcome, such as where the evidence is merely cumulative or duplicative of evidence that the ALJ already considered. *See Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 40 (2d Cir. 2020); *Tricarico v. Colvin*, 681 F. App'x 98, 102 (2d Cir. 2017) ("Even if the Appeals Council erred by rejecting additional evidence, remand is only appropriate where there is a 'reasonable possibility' that this evidence would have influenced the ALJ to decide the disability determination differently."); *Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991).

The Court therefore must determine whether there is a "reasonable possibility" that Dr. Zimmermann's two opinions would have influenced the ALJ to decide Plaintiff's application differently. *Lisa*, 940 F.2d at 43. The Court has reviewed the content of the opinions and finds

that it could reasonably be expected to change the ALJ's evaluation of Plaintiff's medically determinable impairments and, ultimately, his RFC and disability determination.

In this case, the ALJ evaluated three earlier opinions provided by Dr. Zimmermann which had "asserted that [Plaintiff] was unable to maintain gainful employment" because of her impairments.  Tr. 216, 818; ECF No. 7 at 74, 543.  The ALJ stated that she did "not find these opinions persuasive" and assigned no weight to them because "they are conclusory" and "*not supported* with specific functional parameters."  Tr. 216 (emphasis added).

Here, the additional evidence Plaintiff submitted to the Appeals Council—Dr. Zimmerman's August and September 2020 opinions—includes specific functional parameters that provide support for Dr. Zimmermann's earlier "conclusory" opinions, including diagnoses of bilateral leg weakness, left shoulder pain and stiffness, sit/stand limitations, and frequent breaks and absences.  *See* Tr. 100-106; *see also* ECF No. 8-4.  Because the ALJ's evaluation of the persuasiveness of Dr. Zimmermann's opinions and conclusion that they were "not persuasive" focused primarily upon their "supportability," the Court finds that this additional evidence of specific functional parameters may have influenced the ALJ's evaluation of Plaintiff's RFC and ultimately his disability determination.  *See* 20 C.F.R. § 920c(b)(2), (c)(1).

This is especially true given the length of Dr. Zimmermann's relationship with Plaintiff and the frequency of Plaintiff's visits.  Here, Dr. Zimmermann's August 2020 opinion states that she had treated Plaintiff for "twenty years" with "frequent office visits[,]" Tr. 101.  Her September 2020 opinion specifies that she saw Plaintiff every "2-3 months."  ECF 8-4 at 3.  These facts were unavailable to the ALJ at the time of his decision and bear directly upon a key factor the ALJ should consider in their evaluation of treating source opinions, namely the source's relationship with the claimant.  *See* 20 C.F.R. § 920c(3).  Of note, the frequency and duration of Dr.

Zimmermann's treatment of Plaintiff was not duplicated by or cumulative of any other treating source opinions of record. For these reasons, the Court concludes that Dr. Zimmermann's August and September 2020 opinions may "have influenced the Commissioner to decide [] [Plaintiff's] application differently." *Pennetta*, 2019 WL 156263, *3. Accordingly, the Court remands this matter to the Commissioner for consideration of the additional evidence. *See Mendez v. Comm'r of Soc. Sec.*, No. 17-CV-6824 CJS, 2019 WL 2482187, at *5 (W.D.N.Y. June 14, 2019).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 8, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 9, is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion. The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 23, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York